IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00127-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEVEN ORLANDO WILSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Unredacted Sentencing Memorandum [Doc. 28].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum and exhibits thereto [Docs. 29, 29-1], under seal in this case. For grounds, counsel states that the unredacted memorandum and exhibits thereto include sensitive and private health and personal information regarding other individuals, including minors that are not a party to the case. [Doc. 28].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 21, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed a redacted version of the memorandum and exhibits thereto that are accessible to the public. [See Docs. 27, 27-1]. Further, the Defendant has demonstrated that the redacted portions of the memorandum and exhibits thereto contain sensitive information concerning the Defendant's family members, including personally identifiable information regarding minor children, and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and the exhibits thereto is necessary to protect the Defendant's privacy interests.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum and the exhibits thereto under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Unredacted Sentencing Memorandum [Doc. 28] is **GRANTED**, and the Defendant's unredacted Sentencing Memorandum and exhibits thereto [Docs. 27, 27-1] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge