THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00127-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| STEVEN ORLANDO WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 35].

**I.    BACKGROUND**

In June of 2019, the Defendant Steven Orlando Wilson stole a Glock pistol from Levi Kelly, pressing a Colt firearm into Kelly's side as he stole Kelly's gun. [Doc. 23: PSR at ¶ 12]. The Defendant, who had been documented as a three-star general in the Nine Trey set of the United Blood Nation as of 2014, was arrested by police the next day. [Id. at ¶ 13-15, 17]. Police found the Colt handgun and the stolen Glock at the home where they found and arrested the Defendant. [Id. at ¶ 15]. The Defendant had previously been convicted of robbery with a dangerous weapon and sentenced to 48 to 70 months in prison. [Id. at ¶ 50].

A federal grand jury indicted the Defendant and charged him with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant pled guilty to the firearm offense. [Doc. 13].

In advance of sentencing, the Court's probation office submitted a Presentence Report and calculated a total offense level of 26. [Doc. 23: PSR at ¶ 45]. This offense level included an increase of two offense levels because the Defendant restrained Kelly. [Id. at ¶ 37]. The Defendant's criminal history garnered three criminal history points related to his prior convictions. [Id. at ¶ 51]. The probation office also assessed the Defendant two criminal history "status" points because he committed his offense while he was on post-release supervision. [Id. at ¶ 52]. Thus, the Defendant was assessed a total of five criminal history points, which corresponded to a criminal history category of III. [Id. at ¶ 53]. Based on a total offense level of 26 and a criminal history category of III, the probation office calculated an advisory guidelines range of 78 to 97 months' imprisonment. [Id. at ¶ 81].

At sentencing, the Defendant objected to the physical-restraint increase, and the Court sustained that objection, reducing his advisory guideline range to 70 to 87 months' imprisonment based on a total offense

level of 25 and a criminal-history category of III.[1]  [Doc. 32 at 1].  The Court sentenced the Defendant to 72 months' imprisonment, just above the bottom of the advisory guideline range.  [Doc. 31 at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines.  [Doc. 35].  The Government opposes the Defendant's request for a sentence reduction.  [Doc. 36].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

---

[1] The Defendant's total offense level was calculated based on application of the cross reference to U.S.S.G. § 2X1.1, which was calculated to be an offense level of 29, including the two-level enhancement for restraint.  With the removal of the two-level increase for the restraint enhancement, the resulting offense level for the cross reference was 27. This was lower than the adjusted offense level of 28 which had been calculated for the base offense level with enhancements under § 2K2.1 .  Accordingly, the Court calculated the adjusted offense level based on the higher offense level.  With a three-level reduction for acceptance of responsibility, the Defendant's total offense level was calculated to be 25. [See Doc. 23: PSR at ¶¶ 34-45].

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was previously sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of

4

Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or less criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for a sentence reduction under Amendment 821. At the time of his sentencing, the Defendant was assigned a total of five criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of III. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score to three. That score corresponds to a criminal history category of II, which results in a revised advisory guidelines range of 63 to 78 months.

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

The Defendant contends that the Court should reduce his sentence to a term of 65 months. [Doc. 35 at 1]. However, a review of the § 3553(a) factors counsel against a reduced sentence. The Defendant's offense involved sticking a firearm into the side of his victim from whom he stole a gun. While no one was physically harmed during the incident, the Defendant's conduct presented a serious risk of violence. Additionally, the Defendant has a violent criminal history, and he has committed three disciplinary infractions in the Bureau of Prisons, two of which involved violence. [See Doc. 37 at 2]. The Defendant committed two of his three infractions within the last year. As such, the Defendant has failed to demonstrate that he is no longer a threat to the community. Accordingly, considering the nature and circumstances of his offense conduct, his history and characteristics, the need to protect the public, and the need for deterrence, the Court concludes that the sentencing considerations described in 18 U.S.C. § 3553(a) weigh against any discretionary sentencing

6

Case 1:19-cr-00127-MR-WCM   Document 38   Filed 03/25/24   Page 6 of 7

relief. For all of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 25, 2024

Martin Reidinger
Chief United States District Judge